﻿Citation Nr: AXXXXXXXX
Decision Date: 01/30/20 Archive Date: 01/30/20

DOCKET NO. 190131-2230
DATE: January 30, 2020

ORDER

An initial rating of 60 percent from June 1, 2015 to July 8, 2018 for chronic fatigue syndrome, as a residual of Guillain Barre syndrome, is granted.

FINDING OF FACT

Resolving reasonable doubt in the Veteran’s favor, from June 1, 2015 to July 8, 2018, his chronic fatigue syndrome had been manifested by debilitating fatigue, cognitive impairments, or a combination of other signs and symptoms which were nearly constant and restricted routine daily activities to less than 50 percent of pre-illness level. 

CONCLUSION OF LAW

The criteria for an initial rating of 60 percent from June 1, 2015 to July 8, 2018 for chronic fatigue syndrome, as a residual of Guillain Barre syndrome, have been met. 38 U.S.C. §§ 1155, 5107; 38 C.F.R. §§ 4.1, 4.3, 4.88b, Diagnostic Code 6354.

REASONS AND BASES FOR FINDING AND CONCLUSION

The Board notes that the rating decision on appeal was issued in September 2015. In November 2018, the Veteran elected the modernized review system. 38 C.F.R. § 19.2(d).

The September 2015 rating decision on appeal granted service connection for chronic fatigue syndrome, as a residual of Guillain Barre syndrome, and assigned a 0 percent (noncompensable) rating effective June 1, 2015. On a December 2015 notice of disagreement, the Veteran asserted that his chronic fatigue syndrome warrants a 50 percent rating. A January 2019 rating decision increased the rating for chronic fatigue syndrome to 10 percent from June 1, 2016 and 60 percent from July 9, 2018. Here, the Board notes that the rating codesheet shows that the 10 percent rating was made effective from June 1, 2015, the effective date of service connection. On his January 2019 appeal to the Board, he asserted that the effective date of the 50 percent rating should be June 1, 2015. 

First, the Veteran mistakenly cited 50 percent instead of the actually assigned 60 percent rating for his chronic fatigue syndrome. Second, while he is seeking the greater 60 percent rating from the effective date of service connection, that is part of the claim for an initial rating greater than 10 percent prior to July 9, 2018 for chronic fatigue syndrome. Lastly, he is not seeking a rating greater than 60 percent at any time since the effective date of service connection. Thus, the Veteran has limited his appeal to the issue as listed above.

An initial rating greater than 10 percent from June 1, 2015 to July 8, 2018 for chronic fatigue syndrome, as a residual of Guillain Barre syndrome

Disability ratings are determined by applying the criteria set forth in the VA’s Schedule for Rating Disabilities, which is based on the average impairment of earning capacity resulting from disability. Separate diagnostic codes identify the various disabilities. 38 U.S.C. § 1155 (2012); 38 C.F.R. § 4.1 (2018).

Where there is a question as to which of two ratings shall be applied, the higher rating will be assigned if the disability picture more nearly approximates the criteria required for that rating; otherwise, the lower rating will be assigned. 38 C.F.R. § 4.7. Any reasonable doubt regarding the degree of disability will be resolved in favor of the Veteran. 38 C.F.R. § 4.3.

From the June 1, 2015, effective date of service connection to July 8, 2018, the Veteran’s chronic fatigue syndrome, as a residual of Guillain Barre syndrome, has been rated at 10 percent under Diagnostic Code 6354. 38 C.F.R. § 4.88b. Under that code, a 60 percent rating is warranted for chronic fatigue syndrome manifested by debilitating fatigue, cognitive impairments (such as inability to concentrate, forgetfulness, or confusion), or a combination of other signs and symptoms which are nearly constant and restrict routine daily activities to less than 50 percent of the pre-illness level; or which wax and wane, resulting in periods of incapacitation of at least six weeks total duration per year.

By way of history, service treatment records show that the Veteran was diagnosed with Guillain Barre syndrome and later with chronic fatigue syndrome as a residual of Guillain Barre syndrome. A June 2013 report of medical assessment shows that he was excused from running and allowed to limit physical training to as tolerated due in large part to his Guillain Barre syndrome and its residual chronic fatigue syndrome. An April 2014 physical profile shows that he was allowed to run at his own pace and engage in activity as tolerated. A March 2015 examination report notes chronic fatigue as a significant or disqualifying defect. 

An August 2015 VA examination report for chronic fatigue syndrome reflects the examiner’s notation that debilitating fatigue had not reduced the Veteran’s daily activity level to less than 50 percent of pre-illness level and that the Veteran did not have fatigue lasting 24 hours or longer after exercise. The examiner further noted that the Veteran’s symptoms due to chronic fatigue syndrome did not restrict routine daily activities as compared to pre-illness level. 

October 2015 VA examination reports for autoimmune diseases and central nervous system and neuromuscular diseases note the Veteran’s complaints of fatigue.

In a January 2016 statement, the Veteran asserted that the October 2015 examiner never asked about the extent of his fatigue and that he had told the examiner that he was always tired and exhausted. He also stated that if he exercises or performs moderate household work on one day, then cannot function the next day. 

At a July 2018 VA examination, the Veteran reported that if he engages in any physical training or walking, then he has to take off the next day. The examiner noted that the Veteran has debilitating fatigue that has reduced his daily activity level to less than 50 percent of pre-illness level. The examiner also noted that the Veteran has fatigue lasting 24 hours or longer after exercise. The examiner further noted that the Veteran’s symptoms are nearly constant. The examiner concluded that the Veteran’s symptoms restrict routine daily activities to less than 50 percent of pre-illness level. The examiner commented that the Veteran’s chronic fatigue syndrome impacts his ability to work, noting that if the Veteran walks two miles today, then he cannot do anything tomorrow, and that anything requiring exertion causes extreme fatigue such that all he can do the next day is rest.

The January 2019 rating decision increased the rating for the Veteran’s chronic fatigue syndrome to 60 percent effective from July 9, 2018, the date of the above examination. The Veteran stated at that examination that, if he engages in any physical training or walking, then he has to take off the next day. Based on that statement, the examiner concluded that symptoms are nearly constant and restrict routine daily activities to less than 50 percent of pre-illness level, which meet the rating criteria for a 60 percent rating. However, the Veteran’s January 2016 statement that, if he exercises or performs moderate household work on one day, then he cannot function the next day paints a similar picture of his disability level. Service treatment records dated prior to his discharge from service show a similar level of disability, noting that he was excused from running, allowed to limit physical training to as tolerated, and allowed to run at his own pace. 

Given the above, while the August 2015 examination report indicates that the Veteran’s symptoms of chronic fatigue syndrome did not restrict routine daily activities as compared to pre-illness level, evidence dated both prior to and since that examination indicates that symptoms have been nearly constant and restricted routine daily activities to less than 50 percent of pre-illness level. Resolving reasonable doubt in the Veteran’s favor, the Board finds that from June 1, 2015 to July 8, 2018, his chronic fatigue syndrome had been manifested by debilitating fatigue, cognitive impairments, or a combination of other signs and symptoms which were nearly constant and restricted routine daily activities to less than 50 percent of the pre-illness level. 38 U.S.C. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49 (1990). Thus, an initial rating of 60 percent from the June 1, 2015 effective date of service connection to July 8, 2018 for chronic fatigue syndrome, as a residual of Guillain Barre syndrome, is warranted. Accordingly, the benefit sought on appeal is granted. 

 

 

THERESA M. CATINO

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board J. W. Kim, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.